1

2

3

4

5

6

7          UNITED STATES BANKRUPTCY COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9    In re

10   GEORGE and KARLA SCHIKORE,                    No. 12-10331

11                          Debtor(s).
     _____/

12
     PAGANINI ELECTRIC COMPANY,
13

14                          Plaintiff(s),

15           v.                                    A.P. No. 12-1085

16   GEORGE and KARLA SCHIKORE,

17                          Defendant(s).
     _____/

18

19               Memorandum on Motion to Dismiss
                      _____

20

21       In its complaint, plaintiff Paganini Electric Company ("PEC") alleges that Chapter 7 debtors

     and defendants George and Karla Schikore were officers and directors of Schikore Construction, Inc.
22
     PEC alleges that it did work for the corporation, that the corporation was the alter ego of the Schikores,
23
     and that the Schikores diverted funds that should have been paid to it.  The complaint alleges that
24
     PEC's $210,000.00 default judgment against the Schikores is nondischargeable pursuant to §
25
     523(a)(2), § 523(a)(4) and § 523(a)(6) of the Bankruptcy Code.
26

                                            1

1    The Schikores have moved for dismissal of the complaint, alleging that it fails to state facts

2    constituting nondishchargeable conduct.  PEC has conceded that the complaint fails under § 523(a)(2)

3    and § 523(a)(6), but claims that it states facts sufficient to establish liability under § 523(a)(4) for

4    defalcation in a fiduciary capacity.  The court does not agree.

5        It has long been the law in this circuit that contractors are not liable under § 523(a)(4) for failure

6    to apply construction funds to subcontractors. *In re Pedrazzini,* 644 F.2d 756, 758 (9th Cir. 1981).

7    PEC's only argument seeking to circumvent *Pedrazzini* is that the corporation was insolvent when the

8    diversion occurred, that upon insolvency the Schikores became trustees for the corporate creditors, and

9    therefore PEC's judgment is nondischargeable.  The only authority cited for this position is *In re

10   Jacks,* 266 B.R. 728 (9th Cir.  BAP 2001).  There are several problems with this argument.

11       The first problem with reliance on *Jacks* is that the complaint does not allege any of the facts of

12   that case.  It only alleges that the Schikores "converted funds they held as constructive trustees for

13   PEC" which were "impressed with a trust for the purpose of paying suppliers of labor and material."

14   This claim is barred by *Pedrazzini*.

15       The second problem is a breakdown in logic.  Even if any of the funds allegedly withdrawn by

16   the Schikores were impressed with a trust, that does not mean that PEC's entire judgment is

17   nondischargeable.  The Schikores would only be liable to PEC for PEC's share of the total

18   "defalcated."  Thus, if the Schikores withdrew $100,000.00 from the corporation when it was insolvent

19   and had $1,000,000.00 in total debt, PEC's damages would only be $20,000.00 on account of

20   the"defalcation," not the total amount of its judgment.

21

22       The third problem is that *Jacks* is no longer good law.  As Judge Taylor has pointed out in her

23   thorough decision so holding in *In re Moeller,* 466 B.R. 525, 533 (Bkrtcy.S.D.Cal. 2012), current

24   California law makes it clear that the fiduciary relationship between creditors and corporate principals

25   after insolvency fails to support a § 523(a)(4) exception to discharge.  As Judge Taylor notes, the

26   intervening decision of the California Court of Appeal in *Berg & Berg Enterprises, LLC v. Boyle,* 178

2

Cal.App.4th 1020 (2009), makes it clear that under current California law "neither an express nor technical trust is created when the trust fund doctrine applies." *Id.*[1]

For the foregoing reasons, the motion to dismiss will be granted. Counsel for the Schikores shall submit an appropriate form of order.

Dated: September 3, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1]Because state law determines when a trust is created, *Berg* undercut the legal theory upon which *Jacks* was based. Federal courts are generally bound by intermediate state appellate court decisions when interpreting state law. *In re Watts,* 298 F.3d 1077, 1082 (9th Cir. 2002). While it is possible that a current BAP panel might still consider itself bound by *Jacks*, the parties can of course avoid this merely be seeking district court review.

3